# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| CODY SINTELL WATERS,<br>#328607, | ) | CIVIL ACTION NO. 9:14-2003-MGL-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| WARDEN DENNIS BUSH, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on May 2, 2014.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 10, 2014. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on September 11, 2014, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After initially failing to respond and then receiving extensions of time to respond, Petitioner filed a memorandum in opposition to summary judgment on December 22, 2014. This

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in the February 2005 term of the Marion County Grand Jury for murder, two counts of possession of a weapon during the commission of a crime of violence, armed robbery, and assault and battery of a high and aggravated nature (ABHAN) [Indictment No. 05-GS-33-11]. (R.pp. 81-83). Petitioner was represented by Leslie Sarji Locklair, Esquire. On May 21, 2007, Petitioner pled guilty to voluntary manslaughter, armed robbery, and ABHAN, and his sentencing was deferred. (R.pp. 4-30). Petitioner was thereafter sentenced on May 23, 2008, to twenty-five (25) years for voluntary manslaughter and armed robbery, and ten (10) years, concurrent, for ABHAN. (R.pp. 32-79, 84-86). Petitioner's counsel moved for reconsideration of the sentence imposed, which was denied in an order filed on June 3, 2008. See Court Docket No. 17-3.

Petitioner's plea counsel then filed a timely appeal and informed the Court, pursuant to Rule 203(d)(B)(iv), SCACR, that she was unaware of any legal basis for the appeal. See Court Docket Nos. 17-4, 17-5. On September 18, 2008, the South Carolina Court of Appeals dismissed the appeal "for want of any showing that there is an issue preserved for appellate review." See Court Docket No. 17-7. The Remittitur was sent down on October 7, 2008. See Court Docket No. 17-8.

Petitioner then filed an Application for Post Conviction Relief ("APCR") in state circuit court on November 13, 2008. Waters v. State of South Carolina, No. 2008-CP-33-448. (Supp.R.pp. 2-9). Petitioner raised the following issue in his APCR:

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Ground One:**  Ineffective assistance of counsel;

a.  Counsel was ineffective by failing to enforce [the] original plea agreement.

(Supp.R.p. 9).

Petitioner then filed a supplement attachment which raised issues regarding prosecutorial misconduct, ineffective assistance of counsel based on the State withholding exculpatory evidence, and that plea counsel incorrectly advised him that the plea deal was final.  <u>See</u> Court Docket No. 17-2, pp. 13-14.  Petitioner was represented in his APCR by Joshua Bailey, Esquire, and an evidentiary hearing was held on July 14, 2010.  (R.pp. 99-135).  On September 17, 2010 (filed September 20, 2010), the PCR Judge entered a written order denying Petitioner's APCR in its entirety.  (R.pp. 137-146).  Petitioner's counsel filed a motion to reconsider, which was denied in an Order dated January 3, 2011.  <u>See</u> Court Docket No. 17-9.

Petitioner appealed the denial of his APCR and was represented in his appeal by Kathrine H. Hudgins, Assistant Appellate Defender with the South Carolina Commission on Indigent Defense, who raised the following issue:

> Did the PCR judge err in refusing to find that counsel's failure to move to enforce a plea agreement when petitioner detrimentally relied on the plea agreement by providing information about an unrelated crime rendered the guilty plea involuntary?

<u>See</u> Court Docket No. 17-11, p. 3.

The South Carolina Court of Appeals denied certiorari on March 26, 2014.  <u>See</u> <u>Waters v. State</u>, Order dated March 26, 2014.  <u>See</u> Court Docket No. 17-13.  The Remittitur was sent down on April 11, 2014.  <u>See</u> Remittitur (dated April 11, 2014).  <u>See</u> Court Docket No. 17-14.

Petitioner then filed this federal habeas corpus petition, raising the following issues:

**Ground One**: Denial of effective assistance of plea counsel.



**Supporting Facts**: [a] Counsel failed to move to enforce an original plea agreement. [b] Counsel incorrectly advised Petitioner that the Plea offer was final. [c.] Counsel improperly advised Petitioner to provide beneficial information. [d.] Counsel incorrectly advised Petitioner to agree to testify at trial against his co-defendant.

See Petition, p. 6.

<u>**Discussion**</u>

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

**I.**

Initially, it is readily apparent that Petitioner raises the following issues in Ground One of his federal Petition that were not previously properly raised and exhausted in his state court proceedings: 1)[b] Counsel incorrectly advised Petitioner that the Plea offer was final; 1)[c] Counsel improperly advised Petitioner to provide beneficial information; and 1) [d] Counsel incorrectly advised Petitioner to agree to testify at trial against his co-defendant. As Respondent acknowledges, Petitioner did reference these issues in his supplemental PCR filing and the PCR court referenced him raising those issues in its order. <u>See</u> Court Docket No. 17-2, p. 13; <u>see also</u> Court Docket No. 17-1,



R.pp. 138-139; see Memorandum in Support of Summary Judgment, p. 31. However, the PCR court's order did not discuss these issues as separate grounds for relief and only included them to the extent that they were related to the issue regarding ineffective assistance of counsel for failing to move to enforce the earlier plea agreement. (R.pp. 137-146). Petitioner's failure to include in his motion to reconsider a request that the PCR court specifically address these issues constitutes a default of these claims.[3]  These issues were also not raised in Petitioner's PCR appeal.[4]

---

[3]A motion for the PCR court to reconsider its order denying his APCR on these grounds was necessary with regard to Ground One subparts two through four if Petitioner wanted to assert or preserve these issues. Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)[A "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order."] (citing Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]; Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d 862, 865 (S.C. 2001); Plyler v. State, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see also Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747). Although Petitioner's counsel did file a motion to reconsider, it was not based on these grounds. Further, while the Fourth Circuit has held that, prior to the decision of the South Carolina Supreme Court in Marlar, South Carolina courts had not consistently applied the procedural bar based on a PCR applicant's failure to file a Rule 59(e) motion; see Bostick v. Stevenson, 589 F.3d 160, 164-165 (4th Cir. 2009); here, the PCR court's order was filed on September 20, 2010, well after the South Carolina Supreme Court's decision in Marlar in November of 2007. Marlar, 653 SE.2d 266. Therefore, Petitioner's failure to file a Rule 59(e) motion regarding Ground One subparts two through four bars these claims. See Marlar v. Warden, Tyger River Correctional Institution, 432 Fed.Appx. 182, 186-188 (4th Cir. May 25, 2011).

[4]Although Petitioner did use some facts from these issues to also support the claim that he did raise in his PCR appeal; see discussion, infra; Petitioner did not raise these claims as separate issues in his PCR appellate proceedings. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented (continued...)



Accordingly, these issues were not properly preserved in Petitioner's APCR proceedings.  See Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue]; White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2c 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."]; cf. Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008); Sullivan v. Padula, No. 11-2045, 2013 WL 876689 at * 6 (D.S.C. Mar. 8, 2013)[Argument not raised in PCR appeal is procedurally barred]; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n.3 (1971)[Discussing lower court's finding that failure to appeal denial of his state post-conviction petition constituted non-exhaustion of remedies]; Wicker v. State, 425 S.E.2d 25, 26 (S.C. 1992).

## II.

Because Petitioner did not properly raise and preserve these issues in his APCR and state court proceedings, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992);

---

[4](...continued)

face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).



Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted.  Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

    However, even though otherwise exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence.  Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316  (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage



7

of justice.

<u>Coleman</u>, 501 U.S. at 750.

Petitioner argues in his memorandum in opposition that, to the extent his claims are procedurally defaulted, he should still be allowed to pursue them because any default is due to ineffective assistance of his PCR counsel in failing to raise and preserve them.

The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." <u>Murray</u>, 477 U.S. at 488; <u>see also</u> <u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause <u>per se</u> in the procedural default context"); <u>Smith v. Dixon</u>, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). Even so, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. <u>Ortiz v. Stewart</u>, 149 F.3d 923, 932 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 77 F.3d 1155, 1159 (9th Cir. 1996). Ineffective assistance of *PCR counsel* (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and ordinarily would not therefore constitute "cause" for a procedural default. <u>Murray v. Giarratano</u>, 492 U.S. 1-7, 13 (1989) [O'Connor, J., <u>concurring</u>] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any



particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th

Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State

of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371

(10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932  (7th Cir. 1992); Gilliam v. Simms, No. 97-

14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

   However, in Martinez the Supreme Court carved out a "narrow exception" that

modified

> "the unqualified statement in Coleman that an attorney's ignorance or inadvertence
> in a postconviction proceeding does not qualify as cause to excuse a procedural
> default." Martinez, 566 U.S. at __, 132 S.Ct. at 1315. [F]or three reasons.  First, the
> "right to the effective assistance of counsel at trial is a bedrock principle in our justice
> system . . . . Indeed, the right to counsel is the foundation for our adversary system."
> Id. at ___, 132 S.Ct. at 1317.

> Second, ineffective assistance of counsel on *direct appellate review* could amount to
> "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a
> constitutional claim. Id. at ___, 132 S.Ct. at 1316, 1317.  But States often have good
> reasons for initially reviewing claims of ineffective assistance of trial counsel during
> state collateral proceedings rather than on direct appellate review.  Id. at ___, 132
> S.Ct. at 1317-1318.  That is because review of such a claim normally requires a
> different attorney, because it often "depend[s] on evidence outside the trial record,"
> and because efforts to expand the record on direct appeal may run afoul of
> "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to
> investigate the ineffective-assistance claim."  Id. at ___, 132 S.Ct. at 1318.

> Third, where the State consequently channels initial review of this constitutional
> claim to collateral proceedings, a lawyer's failure to raise an ineffective assistance of
> counsel claim during initial-review collateral proceedings, could (were Coleman read
> broadly) deprive a defendant of any review of that claim at all.  Martinez, supr  a at
> ___, 132 S.Ct. at 1316.

> We consequently read Coleman as containing an exception, allowing a federal habeas
> court to find "cause," thereby excusing a defendant's procedural default, where (1)
> the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the
> "cause" consisted of there being "no counsel" or only "ineffective" counsel during the
> state collateral review proceeding; (3) the state collateral review proceeding was the
> "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel



claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." <u>Martinez</u>, <u>supra</u> at ___, 132 S.Ct. at 1318-1319, 1320-1321.

<u>Trevino v. Thaler</u>, 133 S.Ct. 1911, 1917-1918 (2013); <u>see also</u> <u>Gray v. Pearson</u>, No. 12-5, ___ Fed. Appx. ___, 2013 WL 2451083 at * 2 (4th Cir. June 7, 2013)["The Supreme Court had previously held in <u>Coleman</u> that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish "cause" to excuse a procedural default." <u>Coleman</u>, 501 U.S. at 757. The Court established an exception to that rule in <u>Martinez</u>."]. Therefore, because, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in an APCR; <u>cf</u>. <u>State v. Felder</u>, 351 S.E.2d 852 (S.C. 1986); <u>Bryant v. Reynolds</u>, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); <u>Gray</u>, 2013 WL 2451083, at * 4, fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause"for his default has been considered hereinbelow under the revised standard of <u>Martinez</u> and <u>Trevino</u> with regard to Ground One subparts 2, 3 and 4.

Under the first requirement of the <u>Martinez</u> exception, the Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." <u>Gray</u>, 2013 WL 2451083 at * 2. Therefore, Petitioner must show that there is a reasonable probability that he would have received relief on his claim(s) of ineffective assistance of trial counsel in his APCR if they had been raised, and that his PCR counsel's representation was objectively unreasonable during his post-conviction proceeding for not raising these claims. <u>Ford v. McCall</u>, No. 12-2266, 2013 WL 4434389 at *11 (D.S.C. Aug. 14, 2013)(citing <u>Horonzy v. Smith</u>, No. 11-234, 2013 WL 3776372 at * 6



(D.Idaho Sept. 12, 2012)["The application of the <u>Strickland</u>[5] test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter.  This standard is a high one."].  For the reasons set forth hereinbelow, Petitioner has failed to show entitlement to relief under this standard.

**III.**[6]

In Petitioner's first claim in Ground One, he contends that his counsel was ineffective for failing to move to enforce the original plea agreement.  This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition.  <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>, 474 U.S. 1094 (1986).  The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended.  <u>See</u> <u>Waters  v. South Carolina</u>, No. 08-CP-33-448.

Specifically, the PCR judge found that: 1) Petitioner's plea counsel sufficiently conferred with Petitioner during which counsel discussed the pending charges, the applicable penalties, Petitioner's constitutional rights, Petitioner's version of the facts, and possible defenses or lack thereof; 2) subsequent to plea counsel's discussions with Petitioner about the possibility of entering a guilty plea, counsel initiated a meeting in which she spoke with one of the prosecutors in the solicitor's office and the prosecutor's investigator; 3) prior to this meeting, plea counsel and

---

[5]<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

[6]Since Petitioner's procedurally barred claims contain facts that are intertwined with Petitioner's non-barred claim, the undersigned discusses all of these claims jointly in this Section.



Petitioner had already discussed the possibility of making a plea offer to the State; 4) Petitioner had already provided plea counsel a statement he wrote at counsel's request, and Petitioner and counsel had already reached a decision on acceptable terms for the plea agreement; 5) it was the desire of Petitioner and his attorney to reach a guilty plea agreement with the Solicitor's office for a ten (10) year sentence cap; 6) plea counsel asked the prosecutor at this initial meeting what could be worked out to Petitioner's benefit; 7) plea counsel made the offer she previously discussed with Petitioner for a ten (10) year sentence cap to the prosecutor during the initial discussion; 8) while plea counsel testified at the evidentiary hearing that she felt she had an offer of a ten (10) year cap from the prosecutor, she had no notes to substantiate her "feeling" and the PCR Court found that it was plea counsel and not the prosecutor who made the offer of a ten (10) year cap on the sentence; 9) that the prosecutor made clear to plea counsel in subsequent conversations that he had not agreed to her offer of a ten (10) year sentence cap in exchange for Petitioner's guilty plea; 10) that no offer and acceptance for a ten (10) year sentence cap occurred at that initial meeting or at any time thereafter; 11) the ten (10) year sentence cap was an offer made by plea counsel but not accepted by the State, and counsel testified that the prosecutor soundly rejected her efforts to confirm an agreement for a ten (10) year cap because an agreement along this line had not been reached; 12) also, contrary to Petitioner's assertion in the Supplemental Attachment, there was no evidence an agreement was reached wherein the State promised to sentence Petitioner's co-defendants more harshly than Petitioner; 13) plea counsel's recollection and testimony about a plea agreement with the prosecutor for a ten (10) year sentence cap was equivocal; 14) plea counsel volunteered that she had no notes in her file to document the agreement and that her efforts to verify her feeling that a plea agreement existed for a ten (10) year cap were not successful; 15) in fact, plea counsel admitted that she was told

12



by the State that no such agreement existed; 16) no plea agreement for a ten (10) year sentence cap was reach; 17) additionally, the prosecutor with whom plea counsel said she engaged in the plea discussions was not the prosecutor assigned to the case; 18) nonetheless, the prosecutor with whom plea counsel initially spoke emphatically rejected and denied to counsel that an agreement for a ten (10) year sentence cap was reached; 19) to the extent plea counsel's testimony could be construed to support the existence of a plea agreement for a sentence cap of ten (10) years, thr PCR court found the testimony to be lacking in credibility; 20) that finding was based upon plea counsel's lack of specific recollection about the matter, the equivocal nature of her testimony, the facts before the PCR Court, the prosecutor's rejection of Petitioner's offer, plea counsel's statements during the guilty plea proceedings, and the serious nature of the crimes charged; 21) instead, it appeared plea counsel engaged a prosecutor unrelated to this case in plea discussions and made a plea offer for a ten (10) year sentence cap which was never accepted by the State; 22) plea counsel had no ground upon which to move to enforce a purported plea agreement that did not exist upon which the Petitioner did not detrimentally rely; 23) the statement about other crimes provided by the Petitioner to his attorney was prepared in advance of and in anticipation of plea negotiations by plea counsel and was not the result of detrimental reliance by Petitioner on a plea offer from or agreement reached with the State for a ten (10) year sentence cap; 24) the statement Petitioner asserted he provided to plea counsel for use in initiating plea negotiations and which he attempted to use to establish detrimental reliance was still in counsel's possession at the time of the post-conviction hearing; 25) no detrimental reliance by Petitioner occurred until he ultimately entered the guilty plea on May 21, 2007 upon the terms fully set forth in the guilty plea record; 26) plea counsel's failure to move to enforce a nonexistent plea agreement for a ten (10) year sentence cap did not constitute ineffective assistance of counsel; 27)



upon learning that the State would not accept Petitioner's offer of a ten (10) year sentence cap, plea counsel was ultimately successful in obtaining a plea offer for a reduction of the murder charge to voluntary manslaughter, dismissal of the weapons charges, and a recommendation of concurrent sentences; 28) plea counsel fully discussed the terms and consequences of the plea with the Petitioner and explained to Petitioner the right to proceed with a jury trial and rights pertaining thereto and the possible consequences depending on the option Petitioner elected to pursue; 29) the transcript of the May 21, 2007, guilty plea reflected that Petitioner understood the nature of the charges against him, the possible range of punishment, his constitutional right to a jury trial, rights pertaining to trial, and consequences of the plea; 30) the Petitioner indicated his understanding of the plea agreement as set forth on the record at the guilty plea proceeding, admitted his guilt and expressed his desire to enter the guilty plea; 31) when questioned directly by the presiding judge during the guilty plea proceeding, Petitioner expressed satisfaction with his attorney and indicted that he felt counsel had done everything counsel needed to do to assist him; 32) at sentencing approximately one year later, Petitioner again acknowledged his guilt and never raised the complaint he made herein to the PCR judge; 33) Petitioner was given the opportunity to address the court in the earlier proceedings and failed to address the complaints he made at PCR; 34) Petitioner's statements at the guilty plea and later sentencing nullify the allegation Petitioner presented at the post-conviction hearing; 35) additionally, Petitioner's complaints had little to do with deficiencies of plea counsel but more to do with the fact that Petitioner was now unhappy with the plea he entered because he was not treated more favorably than his co-defendants despite his role in bringing his co-defendants to justice; 36) that Petitioner elected to enter a guilty plea knowingly and voluntarily with a full understanding of the nature of the charges, possible consequences, and available options; 37) Petitioner failed to met



his burden of proving either deficient performance on the part of his plea counsel, or any prejudice

arising from the alleged deficiencies; 38) plea counsel's performance did not fall below reasonable

professional norms in Petitioner's case and there is no reasonable probability that a different result

would have been reached but for any alleged errors; and 39) the allegations respecting plea counsel

must be denied and dismissed.  (R.pp. 141-145).

Substantial deference is to be given to the state court's findings of fact.  Evans v.

Smith, 220 F.3d 306, 311-312 (4th Cir. 2000) ["We . . . accord state court factual findings a

presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied,

532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct.

74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person
> in custody pursuant to the judgment of a State court, a determination of a factual issue
> made by a State court shall be presumed correct.  The applicant shall have the burden
> of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531

U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C.

§ 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of

ineffective assistance of counsel, a federal court must reach an independent conclusion.  Strickland,

466 U.S. at 698; Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct.

487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913

(1991)).

Nevertheless, with regard to Petitioner's ineffective assistance of counsel claim that

was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the



deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering any ineffective assistance of counsel claim that was arguably raised and properly exhausted in state court, as well any factual findings related to a claim which was  not properly presented in state court proceedings but may possibly be considered under Martinez and Trevino.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).



Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under the standard of <u>Strickland</u> and <u>Hill</u>. <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Accordingly, Petitioner has failed to show ineffective assistance of counsel as to his non-barred claim, and with regard to the procedurally defaulted claims, Petitioner has failed to show any substantial claim in order to overcome his procedural bar. <u>Gray</u>, 2013 WL 2451083 at * 2.

        Petitioner testified at his PCR hearing that he talked with his counsel numerous times prior to his plea, that he engaged in plea negotiations with his counsel in order for her to go to the Solicitor's office, and that he received a plea offer with a ten (10) year cap. (R.pp. 102-103). Petitioner also testified that if he cooperated by giving information in an unrelated murder case and also cooperated in his own case, that counsel told him that he could receive a ten (10) year cap, and that he provided information on the unrelated murder, which was introduced at the PCR hearing as Exhibit 3. (R.p. 103). Petitioner testified that he wrote the letter (about the unrelated murder) after his counsel requested it and the ten year plea deal was offered. (R.pp. 110, 115). Petitioner also testified that he wrote to his counsel requesting to get the ten year deal confirmed in writing. (R.p. 105). Petitioner testified that at the time of his plea and/or sentencing, he was not aware that he could move to have the plea enforced. Rather, he testified that his counsel told him that it could not be enforced, and Petitioner conceded that neither he or his counsel mentioned the ten year deal at his plea or sentencing. (R.pp. 105-106).

        Petitioner's plea counsel testified that when she contacted the Solicitor's office and told them who she was representing, she was told to meet with Jack Lawson. Counsel testified that



she went down and met with Lawson and an investigator, and that when she left the meeting she felt like she had a ten (10) year cap offer from Lawson, provided Petitioner would give information on an unrelated case. Further, while counsel testified that she did not have any independent recollection of Petitioner sending the information on the unrelated criminal matter to her, that she believed Petitioner did send it based upon the document presented in his PCR proceeding. However, although this was her recollection of how this meeting went, counsel testified that she did not have any notes from this meeting, and that although Lawson gave her his name and number on a slip of paper, when she tried to call him to accept his offer and to schedule the plea, he would not return her phone calls. Counsel also testified that she wrote to Lawson and he would not respond, and introduced copies of three letters that she sent to Lawson. (R.pp. 118-119, 162-164). Additionally, Counsel testified that when she was finally able to talk with Lawson, he told her that he would never have made that offer, that he didn't have the authority to make that offer, and that the case was Ed Clement's case, not his. (R.p. 120). Counsel testified that she did not move to enforce the purported offer prior to Petitioner's plea because she did not think that she could do that, but that, in hindsight she should have tried to have the plea agreement enforced. (R.pp. 120, 126). Counsel also testified that she was not familiar with the state Court of Appeals' decision in Reed v. Becca[7] which dealt with enforcement of plea offers. (R.pp. 120-121). As for the letter Petitioner wrote about the unrelated criminal matter still being in her possession at the PCR hearing, Counsel testified that she could not imagine that she didn't pass Petitioner's information regarding the other crime along to the Solicitor's office. (R.pp. 122-124).

        Nonetheless, Counsel also testified that Petitioner admitted his guilt, that she had

---

[7]511 S.E.2d 396, 402-404 (S.C. 1999).



access as far as she knew to the State's discovery file, that she knew the evidence that the State planned to present and that a guilty plea was no question in Petitioner's best interest, that she talked with Petitioner a lot, that she explained the elements of the charges and what the State would have to prove, the maximum penalties he faced, that she told Petitioner about the plea offer that was then outstanding (and pursuant to which he pled), and that Petitioner went ahead and accepted that plea. (R.pp. 126-128). There is nothing to evidence any ineffective assistance of counsel in this testimony.

Further, the record reflects that, at Petitioner's guilty plea, the Solicitor informed the plea court that Petitioner was the first one to step forward, the first one to agree to plead guilty, and that "he's going to get some credit for that." (R.p. 4). The Solicitor then informed the Court that Petitioner and his co-defendant Jones were pleading to a lessor included offense of voluntary manslaughter (on the murder indictment), that the two counts of possession of weapons during the commission of violent crimes were going to be nolle prossed against both defendants, that both defendants were going to plead to armed robbery, and both defendants were going to plead to ABHAN. The Solicitor asked for sentencing to be deferred until after the trial of the third co-defendant Dorsey since both defendants had agreed and were willing to testify against him. The Solicitor recommended that the sentences run concurrent with no recommendation as to the number of years. (R.pp. 4-5). Upon being asked by the Court, Petitioner stated that those were the terms of his plea agreement with the State and that there were no other promises that induced him to plead guilty. (R.pp. 15-16).

The record also reflects that the plea court discussed the charges and possible sentences directly with the Petitioner at his plea, following which Petitioner testified that he still wished to plead guilty. Petitioner also testified that he understood the rights that he was waiving to



a jury trial, to call witnesses on his own behalf, to confront witnesses, that his lawyer had done everything that he asked her to do, that he had no complaints against her, that he told his lawyer everything that he needed to in connection with the cases, that he was very satisfied with his counsel and that his counsel had not failed to do anything that he needed his counsel to do in order to help with the cases, that he had no complaints against his counsel, that it was his decision to plead guilty, that he was guilty, and that all his answers were truthful. (R.pp. 7-17). Petitioner failed to mention anything about the earlier plea offer to the plea court or the sentencing court.

While Petitioner argued at his PCR hearing that his counsel should have advised him that he could move to enforce his earlier purported plea agreement, the PCR court found that plea counsel's recollection and testimony about a plea agreement with the prosecutor for a ten (10) year sentence cap having even been offered was lacking in credibility due to plea counsel's lack of specific recollection about the matter, the equivocal nature of her testimony, the facts before the PCR Court, the prosecutor's rejection of Petitioner's offer, plea counsel's statements during the guilty plea proceedings, and the serious nature of the crimes charged. Further, Petitioner admitted that he never personally spoke to anyone in the Solicitor's office and that the offer was never put in writing. (R.pp. 103-105, 111-112). The undersigned can discern no reversible error in these findings. Evans, 220 F.3d at 311-312 ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence].

In any event, the PCR court also found that plea counsel had no ground upon which to move to enforce a purported plea agreement that not only did not exist, but that upon which the Petitioner did not detrimentally rely. In South Carolina,

> [a] plea agreement is only an "offer" until the defendant enters a court-approved guilty plea. A defendant accepts the "offer" by pleading guilty. Thus, until formal



> acceptance of the plea by the court has occurred, the plea binds no one, not the defendant, the State, or the court. . . . This general rule is subject to a detrimental reliance exception. Absent a plea of guilt, a defendant may only enforce an oral plea agreement upon a showing of detrimental reliance.

See Reed, 511 S.E.2d at 402-404; see also State v. Whipple, 476 S.E.2d 683 (S.C. 1996)["[W]here a guilty plea rests on a promise which can be said to be a part of the inducement or consideration, the agreement must be fulfilled."][8]  Therefore, the State may withdraw a plea bargain before a defendant pleads guilty, provided the defendant has not detrimentally relied on the offer.

Petitioner posits two argument to support a finding of detrimental reliance. First, he argues that he agreed to testify against his co-defendants. However, Petitioner does not dispute that he had not testified against either of his co-defendants at the time when his counsel told him that there was no ten year plea deal. Rather, the record shows that at the time Petitioner ultimately plead guilty, one of his co-defendants pled at the same time, and that he agreed *at that time* to testify against the other, remaining co-defendant, which was part of his plea agreement. (R.pp. 5, 13, 18, 24-25). No detrimental reliance on the purported earlier plea deal is shown in these facts. Second, Petitioner contends that he agreed to offer evidence in another criminal matter, and that he wrote a letter outlining the details of that other criminal matter and gave it to his counsel. However, while plea counsel testified that she could not imagine that she "would not have passed it onto the Solicitor's office", she also testified that she had no independent recollection of doing so; (R.pp. 122-123); and there is in fact no evidence in the record that this information was ever sent to the Solicitor's office. There is no reference in her letters to the Solicitor's office that she had sent any statement to them

---

[8]The construction of state court plea agreements is governed by state law and the federal court should not disturb a reasonable state court interpretation. Ricketts v. Adamson, 483 U.S. 1, 6 n. 3 (1987).



or even any reference to the information that it contained. (R.pp. 162-164). Furthermore, the PCR court specifically found that the original was still in plea counsel's file at the PCR hearing. (R.p. 143). Hence, Petitioner has not shown that the PCR court erred in finding that there was no detrimental reliance based upon Petitioner furnishing this letter to his plea counsel. Likewise, with regard to Petitioner's claim that counsel was ineffective for incorrectly advising him that the plea offer was final, Petitioner has not shown any prejudice. Petitioner freely entered his guilty plea on May 21, 2007 upon the terms fully set forth at that time as reflected in the guilty plea record.

There is no basis in this record to overturn the findings of the State Court or to find that any of Petitioner's procedurally barred claims present any substantial claim which would have provided Petitioner relief if they had been properly raised in his PCR proceedings. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Specifically, Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000). See Sargent v. Waters, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall v. Lonberger,



459 U.S. 422, 431-432 (1983)).  Criminal defendants often make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that his counsel was ineffective for not trying to enforce an earlier alleged plea agreement, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981).

Petitioner has failed to show any reversible error by the state court, or that either his plea or PCR counsel was ineffective on these claims.  Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, 529 U.S. 362 (2000);  Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Sargent, 71 F.3d at  160 [historical facts underlying guilty pleas are entitled to deference]; see Boykin v. Alabama, 395 U.S. 238 (1969); Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].  With regard to subpart one in Ground One which was properly raised and exhausted in his PCR proceedings, Petitioner has failed to show ineffective assistance of

23



counsel and that claim should be dismissed. Additionally, by failing to show any substantial ineffective assistance on these claims, Petitioner has failed to show cause for his procedural default on the issues in subparts two through four of Ground One. Accordingly, subparts two through four in Ground One are procedurally barred from consideration by this Court, and must also be dismissed. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

## IV.

Finally, again with respect to Petitioner's claims in subparts two through four in Ground One, Petitioner does not argue actual innocence, and the record would not support such a claim. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges to which he pled guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 [quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim]. Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of

24



justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

<u>**Conclusion**</u>

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

 

 

 

_____
Bristow Marchant
United States Magistrate Judge

February 11, 2015
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

